**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE: | * |
| VIDEO TELECONFERENCING | * |
| REAUTHORIZATION FOR | *   MISC. NO. 00-308 |
| CRIMINAL PROCEEDINGS UNDER | * |
| CARES ACT | * |
| | * |

*****

**STANDING ORDER 2020-15**

On March 29, 2020, this Court entered Standing Order 2020-06 authorizing the use of video and telephone conferencing, under certain circumstances and with the consent of the defendant, for various criminal case events during the course of the COVID-19 emergency pursuant to the CARES Act. As Chief Judge, and pursuant to Section 15002(b)(3)(A) of the legislation, I have reviewed this authorization and have determined to extend it for an additional 90 days.

Accordingly, pursuant to Section 15002(b)(1) of the legislation, I hereby authorize the use of video conferencing, or telephone conferencing if video conferencing is not reasonably available, for all events listed in Section 15002(b) of the legislation, with the consent of the defendant after consultation with counsel.

Pursuant to Section 15002(b)(1) of the legislation, I also authorize the use of video conferencing, or telephone conferencing if video conferencing is not reasonably available, for all events listed in Section 15002(b) of the legislation, with the consent of the defendant after consultation with counsel.

Pursuant to Section 15002(b)(2), I further specifically find that most felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and most felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person in this district without

seriously jeopardizing public health and safety. As a result, if a judge in an individual case finds, for specific reasons, that a felony plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, the judge may, with the consent of the defendant after consultation with counsel, use video conferencing, or teleconferencing if video conferencing is not reasonably available, for the felony plea or sentencing in that case. Judges may also use this authority for equivalent events in juvenile cases as described in Section 15002(b)(2)(B).

Pursuant to Section 15002(b)(3) of the legislation, this authorization will remain in effect for 90 days unless terminated earlier. If emergency conditions continue to exist 90 days from the entry of this order, I will review this authorization and determine whether to extend it.

Date: June 23, 2020    /s/ JAMES K. BREDAR
James K. Bredar, Chief Judge
United States District Court