IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: | * | |
| MODIFICATIONS TO JURY | | |
| SUMMONS PROCEDURES | * | |
| IN RESPONSE TO COVID-19 | | |
| PANDEMIC | * | MISC NO. 00-308 |

\* \* \* \* \* \* \* \* \* \* \* \*

## STANDING ORDER 2020-19

In response to the ongoing COVID-19 pandemic and consistent with the Jury Selection and Service Act and the Plan of the United States District Court for the District of Maryland for the Random Selection of Grand and Petit Jurors (the "Jury Selection Plan"),[1] the Court has implemented certain modifications to its juror selection and summonsing process in order to minimize the unusual danger, hardship, and inconvenience posed by COVID-19. In the interest of transparency with litigants and the public, the Court hereby publicizes those procedures and ORDERS them to be effective for the duration of the COVID-19 pandemic.

As of August 18, 2020, the Court's official website shall display a video message from Chief Judge James K. Bredar regarding juror safety.[2] The video message shall summarize the precautions the Court has taken to minimize the risks posed by the pandemic to prospective jurors and shall affirm the importance of jury service.

Random selection of prospective jurors from the Qualified Jury Wheel shall be conducted without deviation from the Court's usual procedures, pursuant to the Jury Selection Plan. Approximately four to six weeks in advance of the anticipated empanelment of a jury, the Clerk

---

[1] An electronic copy of the Jury Selection Plan is available at https://www.mdd.uscourts.gov/sites/mdd/files/JuryPlan.pdf.
[2] This video is available at https://www.mdd.uscourts.gov/news/juror-safety.

shall issue summonses to randomly selected prospective jurors pursuant to Section XV of the Jury Selection Plan. In addition to the summons materials which the Clerk typically issues, for the duration of the COVID-19 pandemic, the summons packet shall also include: (1) a message from the Chief Judge advising prospective jurors of the precautions taken by the Court in light of the COVID-19 pandemic, and (2) the U.S. District Court COVID-19 Juror Questionnaire (the "COVID-19 Juror Questionnaire"). A copy of the summons materials SHALL BE attached to this Order.

Pursuant to the Clerk's discretionary authority under Section XVI of the Jury Selection Plan to "temporarily excuse a summoned juror, upon a showing of undue hardship or extreme inconvenience," the Clerk shall grant a deferral of service to any prospective juror who demonstrates that service would cause undue hardship or extreme inconvenience. In addition to granting deferrals to those jurors who demonstrate undue hardship or extreme inconvenience unrelated to COVID-19 (per the Clerk's standard practice), for the duration of the pandemic, the Clerk shall also grant a deferral of service to any prospective juror who requests a onetime deferral of service and who answers in the affirmative to one or more of the COVID-19 Juror Questionnaire's supplemental screening questions. In the current version of the COVID-19 Juror Questionnaire, these supplemental screening questions are:

1) Do you have an underlying medical condition that puts you at a higher risk of developing serious health complications from COVID-19?

2) Do you live with or provide direct care for a person of any age with underlying medical conditions that puts them at a higher risk of developing serious health complications from COVID-19?

2

3) Are you age 65 or older?[3]

The Court and the Clerk deem temporarily excusing these individuals from service necessary to avoid imposing undue hardship and extreme inconvenience by requiring prospective jurors for whom it is particularly dangerous to serve during the COVID-19 pandemic to risk exposure in the course of their service.

If a prospective juror does not defer service, then following the submission of the prospective juror's Juror Questionnaire, but prior to the commencement of service, the Clerk's Office shall contact the prospective juror to inquire regarding their health status and any potential COVID-19 exposures. If the Clerk determines that jury service would pose an undue hardship or extreme inconvenience or that there is a significant risk that a prospective juror has been exposed to COVID-19, rendering their service unsafe and likely to disrupt the proceedings, the Clerk shall temporarily excuse the prospective juror from service. At the Clerk's discretion, the Clerk's Office may also conduct additional in-person screening for symptoms of COVID-19 on the day a prospective juror's service commences.

As the Clerk would under regular conditions, if the Clerk has reason to suspect that more prospective jurors than necessary may report for service on a particular day, the Clerk may direct certain prospective jurors not to appear. The individuals so directed shall be selected at random. Additionally, if the maximum number of prospective jurors who can be safely accommodated at one time have already reported for service, the Clerk may excuse later-arriving prospective jurors.

---

[3] The COVID-19 Juror Questionnaire originally asked the following supplement screening questions: (1) "Do you have an underlying medical condition or circumstance that puts you at a higher risk of developing serious health complications from COVID-19 or any other significant health issue that might prevent you from serving as a juror?" (2) "Do you live with or provide direct care for a person of any age with underlying medical conditions that puts them at a higher risk of developing serious heath complications from COVID-19?" The supplemental screening questions were revised in October 2020, in order to improve clarity and efficacy.

The Court deems the above procedures consistent with the Jury Selection and Service Act and the Jury Selection Plan, and finds them necessary to protect jurors, litigants, court staff, and court visitors from unnecessary dangers related to the COVID-19 pandemic.

So ORDERED.

DATED this 22 day of October, 2020.

BY THE COURT:

_____
James K. Bredar
Chief Judge