

# FEDERAL JUDICIARY
# COVID-19 RECOVERY GUIDELINES



The Administrative Office is closely monitoring government policy changes, Centers for Disease Control and Prevention (CDC) guidelines, and public health advancements and will continue to update this guidance as appropriate.  The health and welfare of each Judiciary employee, contractor, and member of the public that enters our facilities should be paramount in the decisions that are made as these guidelines are implemented. Because each state and municipality is in a different posture in the fight against COVID-19, each circuit and district will have to make local decisions on operational status based on the jurisdiction's current COVID-19 case count and local stay-at-home and quarantine orders.   This national guidance is designed to help facilitate decision making at the local level.  Decisions can be made for 30-day or 14-day operating periods (or less), depending on local circumstances (See Appendix 1). This document will be updated periodically as issues are further refined.

 **FEDERAL JUDICIARY COVID-19 RECOVERY GUIDELINES**

# Proposed Judiciary Gating Criteria*

Consider each of the below before proceeding to Phased Opening:

| FACILITY EXPOSURE | | COMMUNITY CASE | | COMMUNITY ACTION |
|---|---|---|---|---|
| No COVID-19 confirmed or suspected cases in the court facility within a 14-day period | **AND** | Significant change in multiple COVID-19 case statistics over a period of time (at least 14 days), and in the best judgment of the District's Pandemic Planning Committee | **AND** | Rescission of local restrictive movement and/or shelter in-place orders |
| **OR** | | | | |
| Confirmed or suspected cases have occurred, but "deep cleaning" of exposed areas and applicable employee self-quarantine actions have been taken. | | | | |

- If conditions are met, consider progressing to the next Phase

- If conditions significantly worsen or there is a resurgence of local COVID-19 cases, consider implementing a lower Phase or reimplementing full social distancing measures as necessary

*Chief Judges, Court Unit Executives (CUEs), and Federal Public Defender Organizations (FPDOs) will need to tailor the application of these criteria to local circumstances (e.g., metropolitan areas that have suffered severe COVID outbreaks, rural and suburban areas where outbreaks have not occurred or have been mild). Additionally, Chief Judges, CUEs, and FPDOs should work with local public health and public safety agencies to ensure when these criteria are satisfied and minimize employee risk as they progress through the phases outlined below.

**FEDERAL JUDICIARY COVID-19 RECOVERY GUIDELINES**

## Proposed Phased Approach

RELY UPON **UP-TO-DATE DATA** AND READINESS

**MITIGATE** RISK OF RESURGENCE

**PROTECT** VULNERABLE EMPLOYEES*

**IMPLEMENT** AT COURT UNIT DISCRETION

*See Appendix 2 for Definition of Vulnerable Individuals

# How do courts and court units begin?

Factors in determining where to start the process or what phase you are currently in are all predicated on a local risk determination for your local area/circuit/district. Use your local public health agency's recommendations and information to inform your decision. Their determination will rely on the following factors:

- total population
- population density
- population over 60
- availability of ICU beds
- stresses on the hospital and ICU system of each county
- confirmed cases of COVID-19

*Note - in reestablishing operations within your facility, it is recommended that your determination of the initial phase you select as your starting point **not be any greater than** the phase your public health community and local public safety agencies are communicating.

# Guidelines for All Phases: Courts, Court Units and FPDOs

**Ensure appropriate policies, based upon COVID-19 response lessons learned, are in place regarding:**

- ✓ Social distancing and protective equipment

- ✓ Notification, isolation, and contact tracing procedures

- ✓ Sanitation and disinfection of common and high-traffic areas

- ✓ Business travel

- ✓ Reasonable Accommodation for employees (i.e., children's schools or daycare closed, fear or increased risk of exposure when using mass transit, caring for ill or vulnerable* relatives in household, etc.)

*Additional D. Md.-specific guidance on the topics discussed on this page will be provided throughout this plan.*

**Ask employees to work with supervisors to stay home if they feel ill, <u>self-monitor for indicative symptoms</u>, and plan to return to work after consulting with a medical provider.**

**Implement policies and procedures for workforce contact tracing (where individual was present in facility and who they were in contact with) following an individual's positive COVID-19 test or diagnosis by a physician.** ———→ *The contact tracing protocols are in place and ready to be utilized.*

**Monitor the status of public infrastructure (i.e., transportation, medical, local businesses, restaurants, etc.) to determine if adjustments in operational approach need to be made.**

**Notify your circuit executive as you move into each phase of reconstitution. The AO's Court Services Office will gather this information from circuit executives to track national operational status.**

FEDERAL JUDICIARY COVID-19 RECOVERY GUIDELINES

# Individual Responsibilities →

<span style="color:red">These responsibilities should be emailed to employees as the Court enters phase one.</span>

## CONTINUE TO PRACTICE GOOD HYGIENE

✓ Wash your hands with soap and water or use hand sanitizer, especially after touching frequently  used items or surfaces.

✓ Avoid touching your face.

✓ Sneeze or cough into a tissue, or the inside of your elbow.

✓ Frequently disinfect used items and surfaces as much as possible.

✓ Strongly consider using face coverings while in public, and particularly when using mass transit.  Individuals must abide by the Court's mask policy while in the courthouse.

✓ Maintaining at least 6 feet of separation, but more whenever possible.

## PEOPLE WHO FEEL SICK SHOULD STAY HOME

✓ Do not go to work.

✓ Contact and follow the advice of your medical provider.

Continue to adhere to State and local guidance as well as complementary CDC guidance, particularly with respect to face coverings.



# Phase One

## FOR COURTS, COURT UNITS, and FPDOs
## THAT SATISFY THE GATING CRITERIA

 **FEDERAL JUDICIARY COVID-19 RECOVERY GUIDELINES**

Vulnerabilities and needs for accommodations will be measured through a survey to all employees.



This guidance should be sent to all employees at the start of phase one. Employees will be told to err on the side of caution before coming to work.

# Phase One

## Employees

<u>Summary of Phase One</u>
Phase one will only be a modest departure from the Court's previous operating status. The number of staff in the courthouses may increase during phase one but most employees will still be teleworking and, absent urgent circumstances, proceedings will be conducted virtually.

**ALL VULNERABLE INDIVIDUALS\*** should work with supervisors to continue telework. Employees who live with or provide care for vulnerable individuals should do the same to the greatest extent possible to reduce chances that they could carry the virus to these vulnerable individuals.

Discuss **REASONABLE ACCOMODATION** options with supervisors for those who rely solely on public transportation or have other concerns.

All individuals, to reduce risk, **PRIOR TO COMING INTO THE OFFICE**, should conduct a health self-assessment, to include taking their temperature.  If an individual has a fever or if an individual is exhibiting other signs of COVID-19 infection per CDC guidance, the individual should self-report to supervisors, stay home, and call his/her physician. Utilize the CDC Self-Checker to assist.

All individuals, **WHEN IN THE OFFICE,** should maximize physical distance from others.  At least six foot distancing should be observed in all offices, meetings, court proceedings, etc., and more than six feet whenever possible. Tape or other visible means will be used to demark 6-foot distances where practical.  Masks must be worn while in common areas; masks need not be worn in individual offices or cubicles unless another person enters.

**MINIMIZE PERSONAL TRAVEL** (i.e., leisure travel, non-business related) and adhere to CDC guidelines and local state orders regarding travel destination and potential for self-isolation upon return.

EACH PHASE OF THIS GUIDANCE ADDRESSES THOSE ASPECTS OF DAILY LIFE FOR WHICH RESTRICTIONS REMAIN APPROPRIATE DUE TO COVID-19.

 **FEDERAL JUDICIARY COVID-19 RECOVERY GUIDELINES**

# Phase One

### Chief Judge, Court, CUE, and FPD

Probation and pretrial services will not conduct face-to-face meetings with supervisees during this time. ↘

The Court will not resume petit jury proceedings during phase one; it is possible it will resume grand jury proceedings. ↘

Travel will be addressed on a case-by-case basis; CUEs will endeavor to minimize travel between the two divisions. ↘

CUEs should take advantage of the lack of personnel in the building prior to and during phase one to complete construction projects; contractors must abide by Court policies regarding masks and distancing. ↗

Continue to **RELY ON LOCAL PUBLIC HEALTH AND CDC GUIDANCE** to inform your local medical-based decisions.

Consider guidance being given to other agencies in your building and in your community (including DOJ) and the decisions they make in your locality (e.g. OMB and OPM guidance released on April 20) **WHEN MAKING OPERATIONAL DECISIONS**.

**ON-SITE COURT PROCEEDINGS AND OFF-SITE VISITS TO SUPERVISEES AND CLIENTS** should continue to be minimized (critical cases only) using video- and tele-conferencing to the greatest extent possible. Those who must conduct face-to-face meetings should limit gatherings to no more than 10-people, adhere to strict social 6-foot distancing and hygiene protocols (to include wearing of face coverings or masks), and make every attempt to "prescreen" supervisees and clients to ensure they are asymptomatic for COVID-19.

**REEXAMINE AND UPDATE** court orders and notices as appropriate. Only restarting of critical grand jury proceedings should be considered. Further guidance on this issue is being developed and will be provided separately.

Minimize **BUSINESS TRAVEL** and adhere to CDC guidelines regarding isolation following travel.

**COORDINATE ANY CONTRACTOR OR CONTRACT ISSUES** with the appropriate Contracting Officer or Contracting Officer's Representative.

EACH PHASE OF THIS GUIDANCE ADDRESSES THOSE ASPECTS OF OFFICE LIFE FOR WHICH RESTRICTIONS REMAIN APPROPRIATE DUE TO COVID-19.

# Phase One

## Human Resources Considerations

Continue to **ENCOURAGE TELEWORK**, whenever possible and feasible with judiciary operations, keeping initial staffing to a minimum.

**RETURNING EMPLOYEES** should not include vulnerable/high risk employees and others requiring reasonable accommodations. These employees should continue to telework**.**

**WORK WITH SUPERVISORS** to identify employees who, due to vulnerability or other need for reasonable accommodation, need to continue telework.

Consider **REASONABLE ACCOMODATION** options for those who rely solely on **MASS TRANSIT/PUBLIC TRANSPORTATION** as this may put them at a higher risk of exposure.

EACH PHASE OF THIS GUIDANCE ADDRESSES THOSE ASPECTS OF OFFICE LIFE FOR WHICH RESTRICTIONS REMAIN APPROPRIATE DUE TO COVID-19.

**FEDERAL JUDICIARY COVID-19 RECOVERY GUIDELINES**

The Court will rely on good faith representations by employees when considering these requests. →

# Phase One

## Human Resources Considerations

The following circumstances may be taken into account when **CONSIDERING REQUESTS TO TELEWORK AND USE LEAVE** by an employee.  The employee:

- Is subject to a Federal, State, or local quarantine or isolation order related to COVID-19, or is living with or caring for an individual who is.

- Has been advised by a health care provider to self-quarantine due to concerns related to COVID-19, or is living with or caring for an individual who has been advised to self-quarantine.

- Is considered "high risk" where local health officials recommend such individuals remain at home due to concerns related to COVID-19, or is living with or caring for an individual who is.

- Is experiencing symptoms of COVID-19 and seeking a medical diagnosis, or is living with or caring for an individual who is.

- Is caring for a child if the school or place of care of the child has been closed, or the childcare provider of such child is unavailable, due to COVID-19 precautions.

EACH PHASE OF THIS GUIDANCE ADDRESSES THOSE ASPECTS OF OFFICE LIFE FOR WHICH RESTRICTIONS REMAIN APPROPRIATE DUE TO COVID-19.

 **FEDERAL JUDICIARY COVID-19 RECOVERY GUIDELINES**

If courthouse or facility was exposed to the virus, the Court will coordinate a **"DEEP CLEANING"** of facility with GSA prior to allowing employees back into the building.  GSA protocols for cleaning services have been finalized. The Court should also consider closing the courthouse for 3 days and shifting operations to the other division.

*The courthouses will remain closed to the public during Phase One.* →

If the courthouse or facility is currently physically "**CLOSED TO THE PUBLIC,**" it should remain so unless the local public health/public safety officials have reopened public facilities. Multi-tenant facilities should use the Facility Security Committee to make public access decisions for the building.

# Phase One

## Facility Actions



Consider the use of **"ENHANCED SCREENING*"** at facilities to mitigate possible employee exposure. GSA has provided a contract vehicle for courts to hire companies to perform temperature checks and ask screening questions for anyone entering a Judiciary facility.  This protocol must be coordinated with the local USMS and FPS staff.  Additional guidance on this will be forthcoming.

*The Court will not implement enhanced screenings in Phase One because the courthouses will be closed to the public.  The Court will consider implementing enhanced screenings in Phase Two.*

Coordinate with **FEDERAL PARTNERS (USMS, FPS, GSA) AND OTHER BUILDING SERVICE AND SUPPORT PROVIDERS** regarding modification of current security, building cleaning and maintenance services, and additional amenities (i.e., dining facilities, banks, etc.).

*\* Note:  An elevated temperature may be a poor single indicator of whether a person has acquired COVID-19; moreover, individuals with COVID-19 may be asymptomatic and exhibit no signs of infection.*

EACH PHASE OF THIS GUIDANCE ADDRESSES THOSE ASPECTS OF JUDICIARY FACILITY OPERATIONS FOR WHICH RESTRICTIONS REMAIN APPROPRIATE DUE TO COVID-19.

 **FEDERAL JUDICIARY COVID-19 RECOVERY GUIDELINES**

<span style="color:red">Cafeterias: cafeterias will remain closed; the Court will coordinate with GSA.
Elevators and escalators: only one person should ride an elevator at a time, and at least six feet of distance should be maintained on escalators. Clearly visible signs will indicate this.</span>



# Phase One
### Facility Actions

<span style="color:red">The courthouse gyms will remain closed; the courthouses do not have child care centers.</span>

Increased cleaning of common areas and use of **DEEP CLEANING** for exposed areas should continue.

**LARGE VENUES AND COMMON AREAS** (e.g., sit-down dining, courtrooms, jury assembly, etc.) should be closed to the greatest extent possible.  If not possible, keep occupancy rate to 10 or less and operate under strict physical distancing protocols.  Use of masks/face coverings will be required. Tape or other visible means will be used to demark 6-foot distances where practical.

**CHILD CARE CENTERS and EMPLOYEE GYMS** currently closed should remain so.

EACH PHASE OF THIS GUIDANCE ADDRESSES THOSE ASPECTS OF JUDICIARY FACILITY OPERATIONS FOR WHICH RESTRICTIONS REMAIN APPROPRIATE DUE TO COVID-19.

Before exiting Phase 1, proceeding to Phase 2, you should consider re-evaluating the <u>Gating Criteria</u> to ensure:

- Readiness to progress to the next Phase;
- Need to implement additional social distancing measures based upon resurgence of infections in the local area



FEDERAL JUDICIARY COVID-19 RECOVERY GUIDELINES

# Phase Two

FOR COURTS, COURT UNITS, and FPDOs WITH NO EVIDENCE OF A
COVID-19  RESURGENCE WITHIN THEIR LOCAL COMMUNITIES AND
THAT SATISFY THE GATING CRITERIA A  SECOND TIME

 **FEDERAL JUDICIARY COVID-19 RECOVERY GUIDELINES**

In Phase Two, a doctor's note will be required to determine whether an employee is in a vulnerable or high-risk category.

Employees will be told to err on the side of caution before coming to work. →

# Phase Two

## Employees

**ALL VULNERABLE INDIVIDUALS\*** should work with supervisors to continue telework. Employees who live with or provide care for vulnerable individuals should do the same to the greatest extent possible to reduce chances that they could carry the virus to these vulnerable individuals.

For those who rely solely on public transportation or have other concerns, discuss **REASONABLE ACCOMODATION** options with supervisors.

All individuals, **PRIOR TO COMING INTO THE OFFICE**, should conduct a health self-assessment, to include taking their temperature, to minimize the risk of infecting others.  If an individual has a fever or if an individual is exhibiting other signs of COVID-19 infection per CDC guidance, the individual should self-report to supervisors, stay home, and call his/her physician. Utilize the CDC Self-Checker to assist.

All individuals, **WHEN IN THE OFFICE,** should continue to maintain at least 6 feet of physical distance from others, and more than 6 feet whenever possible.  Meetings where appropriate distancing may not be practical should be avoided.  Masks must be worn while in common areas unless otherwise ordered by the presiding judge; masks need not be worn in individual offices or cubicles unless another person enters.

**PERSONAL TRAVEL** can resume, however continue to be aware of potential out-of-state travel precautions and return quarantine requirements.

EACH PHASE OF THIS GUIDANCE ADDRESSES THOSE ASPECTS OF DAILY LIFE FOR WHICH RESTRICTIONS REMAIN APPROPRIATE DUE TO COVID-19.

 **FEDERAL JUDICIARY COVID-19 RECOVERY GUIDELINES**

*The Court may only be able to accommodate shorter and more straightforward jury trials during this phase.* →

# Phase Two

## Chief Judge, Court, CUE, and FPD

*Pretrial/probation may conduct home visits with masks and social distancing; traditional LM will resume.* →

*Travel will be addressed on a case-by-case basis; CUEs will endeavor to minimize travel between the two divisions.* →

Make operational preparations for a **SIGNIFICANT INCREASE IN FILINGS AND OTHER COURT PROCEEDINGS (i.e., GRAND JURY)** that will likely occur during this phase; emphasis should be on accepting filings remotely to the greatest extent possible.  The Court may begin to schedule some petit jury proceedings, and if grand jury proceedings have not yet commenced, begin scheduling them.

May continue to **permit TELEWORK**, to the extent feasible and consistent with Judiciary operations. Refer to <u>Human Resource Considerations</u> from Phase 1.
Continue to work with supervisors to consider **REASONABLE ACCOMMODATIONS** for personnel who are members of a **VULNERABLE POPULATION** or have other personal requirements that need to be addressed.

**ON-SITE COURT PROCEEDINGS AND OFF-SITE VISITS TO SUPERVISEES AND CLIENTS** can be increased, continuing to use video- and tele-conferencing to the greatest extent possible.  Face-to-face meetings should continue to try to limit gatherings to the minimum size needed, adhere to strict social distancing and hygiene protocols to include the use of face-coverings and <u>at least</u> 6-ft distancing, preferably more.

With the exception of routine maintenance and cleaning, contractors will work in the evenings; contractors must abide by Court policies regarding masks and  distancing.
**ESSENTIAL BUSINESS TRAVEL** can resume, accounting for potential out-of-state travel precautions and return quarantine requirements.

EACH PHASE OF THIS GUIDANCE ADDRESSES THOSE ASPECTS OF OFFICE LIFE FOR WHICH RESTRICTIONS REMAIN APPROPRIATE DUE TO COVID-19.

# Phase Two

### Facility Actions

In Phase Two, members of the public will only be admitted for the limited purpose of attending court proceedings.

The Court will consider implementing enhanced screening in Phase Two.

In the event of an exposure, the Court will utilize its contact tracing policy and conduct a deep cleaning of any exposed areas.

**LARGE VENUES AND COMMON AREAS** (e.g., courtrooms, jury assembly, etc.) can operate if <u>at least</u> 6 feet of distance can be maintained, if not more.  Tape or other visible means will be used to demark 6-foot distances where practical.  The Court will coordinate with GSA; cafeterias will likely remain closed.

**EMPLOYEE GYMS** will remain closed; the courthouses do not have child care centers.

*\* Note:  An elevated temperature may be a poor single indicator of whether a person has acquired COVID-19; moreover, individuals with COVID-19 may be asymptomatic and exhibit no signs of infection.*

EACH PHASE OF THIS GUIDANCE ADDRESSES THOSE ASPECTS OF JUDICIARY FACILITY OPERATIONS FOR WHICH RESTRICTIONS REMAIN APPROPRIATE DUE TO COVID-19.

**FEDERAL JUDICIARY COVID-19 RECOVERY GUIDELINES**

Before exiting Phase 2, proceeding to Phase 3, you should consider re-evaluating the <u>Gating Criteria</u> to ensure:

- Readiness to progress to the next Phase;
- Need to maintain the current Phase; or
- Need to implement a lower phase based upon resurgence of infections in the local area



FEDERAL JUDICIARY COVID-19 RECOVERY GUIDELINES

# Phase Three

**FOR COURTS, COURT UNITS and FPDOs WITH NO EVIDENCE OF A COVID-19 RESURGENCE WITHIN THEIR LOCAL COMMUNITIES AND THAT SATISFY THE GATING CRITERIA A THIRD TIME**

FEDERAL JUDICIARY COVID-19 RECOVERY GUIDELINES

# Phase Three
**Individuals**

EMPLOYEES, including VULNERABLE INDIVIDUALS[*], return to work.

**EMPLOYEES** must  practice <u>at least</u> 6-foot physical distancing, preferably more, minimizing exposure to social settings where distancing may not be practical and continuing to observe precautionary measures.

The wearing of masks continues to be required consistent with the Court's Standing Orders**.**

**PERSONAL TRAVEL** should take into account potential out-of-state travel precautions and return quarantine requirements.

Everyone should **CONSIDER MINIMIZING** time spent in crowded environments.

# Phase Three
**Chief Judge, Court, CUE, and FPD**

Resume **UNRESTRICTED STAFFING** of worksites under the direction of the supervisor of a particular unit.

**ON-SITE PUBLIC FACING ACTIVITIES AND SITE VISITS TO SUPERVISEES AND CLIENTS** can be resumed under the direction of the supervisor of a particular unit.

Continue to **rely on local public health and CDC guidance** to inform your local medical based decisions.

Continue to work with supervisors to consider **REASONABLE ACCOMMODATIONS** for personnel who are  members of **VULNERABLE POPULATIONS** or have other personal requirements needing to be addressed.

**COORDINATE ANY CONTRACTOR OR CONTRACT ISSUES** with the appropriate Contracting Officer or Contracting Officer's Representative.

EACH PHASE OF THIS GUIDANCE ADDRESSES THOSE ASPECTS OF DAILY AND OFFICE LIFE FOR WHICH RESTRICTIONS REMAIN APPROPRIATE DUE TO COVID-19.

**ENGAGE IN FOCUSED CLEANING** for any exposed areas. **ENHANCED CLEANING** of all frequently touched surfaces and public areas continues.

**LARGE VENUES AND COMMON AREAS** (e.g., courtrooms, jury assembly areas, etc.) can operate under limited 6-foot physical distancing protocols as authorized by the District's Pandemic Planning Committee.

# Phase Three

## Facility Actions

EACH PHASE OF THIS GUIDANCE ADDRESSES THOSE ASPECTS OF JUDICIARY FACILITY OPERATIONS FOR WHICH RESTRICTIONS REMAIN APPROPRIATE DUE TO COVID-19.

Before exiting Phase 3, proceeding to Phase 4 (Full Recovery), you should consider re-evaluating the <u>Gating Criteria</u> to ensure:

- Readiness to progress to the next Phase;
- Need to maintain the current Phase; or
- Need to implement a lower phase based upon resurgence of infections in the local area



# Phase Four

FOR COURTS, COURT UNITS and FPDOs AFTER PUBLIC HEALTH
ANNOUNCEMENT THAT COVID-19 HAS BEEN SUPRESSED WITHIN
THE UNITED STATES

 **FEDERAL JUDICIARY COVID-19 RECOVERY GUIDELINES**

# Phase Four
**Employees**

**VULNERABLE INDIVIDUALS\*** resume all daily work/life activities with no need for additional precautionary measures.

**PERSONAL TRAVEL** can fully resume without precautionary measure concerns.

**NORMAL SOCIAL ACTIVITES AND GATHERINGS** can resume.

# Phase Four
**Chief Judge, Court, CUE, and FPD**

**UNRESTRICTED STAFFING** of worksites.

**ON-SITE PUBLIC FACING ACTIVITES AND SITE VISITS TO SUPERVISEES AND CLIENTS** can be fully resumed.

Resume **FULL, UNRESTRICTED** operations and activities.

# Phase Four
**Facilities**

**ALL ACCESS AND OPERATIONS** can operate without restrictions.

**SECURITY** operations return to full, pre-COVID-19 functionality.

> THIS FINAL PHASE OF THIS GUIDANCE ADDRESSES ALL ASPECTS OF JUDICIARY PERSONNEL AND OPERATIONS FOR WHICH RESTRICTIONS HAVE LIFTED DUE TO A FULL RECOVERY FROM COVID-19.

**FEDERAL JUDICIARY COVID-19 RECOVERY GUIDELINES**

## Appendix 1: Example of Planning Process



For Additional Assistance contact FSO-JSD-Emergency Management, Kyle Yoder, at 202-502-3177

FEDERAL JUDICIARY COVID-19 RECOVERY GUIDELINES

Appendix 2: Definitions (CDC Guidance)

Vulnerable Individuals refers to people at increased risk, or who may be at increased risk, of severe illness from COVID-19 as defined by the CDC.

- Older adults.

- People of all ages with certain underlying medical conditions, including cancer, chronic kidney disease, chronic obstructive pulmonary disease (COPD), immunocompromised state from solid organ transplant, obesity, serious heart conditions, sickle cell disease, and type 2 diabetes mellitus, **are** at increased risk of serious illness.

- People of all ages with certain underlying medical conditions, including asthma (moderate-to-severe), cerebrovascular disease, cystic fibrosis, hypertension or high blood pressure, immunocompromised state from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medications, neurologic conditions, liver disease, pregnancy, pulmonary fibrosis, smoking, thalassemia, and type 1 diabetes mellitus, **may** be at an increased risk for severe illness.

For Additional Assistance contact FSO-JSD-Emergency Management, Kyle Yoder, at 202-502-3177

## Appendix 3:  Additional Recovery Information Links

# Executive Branch Web Based Resources

***For your awareness, below is the guidance that has been provided to Executive Branch agencies***

White House guidance, messaging, and memoranda
Center for Disease Control (CDC)
CDC Listing of State Public Health Agencies
Food and Drug Administration (status of medical countermeasure development)

# Judiciary Web Based Resources

Covid-19 Judiciary Task Force Hub (information, maps and resources)
COVID-19 Judiciary Dash Board (supports gating criteria analysis - provides cases by district, case trends over time, etc.)
JNet COVID-19 resources (FAQs, resources, court local practices, information, etc.)

# Other Web Based Resources

World Health Organization COVID-19 global information and resources
Center for Infectious Disease Research and Policy (University of Minnesota) additional analytical tools and resources

For Additional Assistance contact FSO-JSD-Emergency Management, Kyle Yoder at 202-502-3177