**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| USE OF GENERATIVE ARTIFICIAL | * | MISC. NO. 00-308 |
| INTELLIGENCE IN COURT FILINGS | * | |
| | * | |

******

**STANDING ORDER 2026-03**

Under Federal Rule of Civil Procedure 11, when an attorney or unrepresented party presents to the court a pleading, written motion, or other paper – whether by signing, filing, submitting or later advocating it – that attorney or unrepresented party certifies the legal positions are warranted by existing law and factual representations have evidentiary support. *See* Fed. R. Civ. P. 11(b). Despite this clear directive, lawyers and unrepresented litigants who increasingly rely on generative artificial intelligence ("AI") have submitted filings that include non-existent case citations, fake quotations, and unsupported factual assertions.

Accordingly, the Court hereby cautions that an attorney or unrepresented party *must* verify the accuracy of all filings prior to submission, and especially when relying on AI. Submissions that include fake or hallucinated citations, quotations, or representations may be subject to Rule 11 sanctions, to include striking the filing, imposing filing restrictions, monetary sanctions, dismissal of a party's case, and any other sanction deemed appropriate by the presiding judge. *See* Fed. R. Civ. P. 11(c). The presiding judge may also refer any attorney authorized to practice in this Court to the Court's Disciplinary and Admissions Committee to investigate and recommend appropriate discipline for related violations of the applicable rules of professional conduct.

Date: 8/5/2026

George L. Russell III, Chief Judge
United States District Court